UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-569-F

| | |
|---|---|
| IN THE MATTER OF THE )<br>FORECLOSURE OF A DEED OF TRUST )<br>EXECUTED BY PRODEV, XI, LLC )<br>BY EDDIE HOOD, MANAGER )<br>(PRESENT RECORD OWNER(S) )<br>BRAXTON VILLAGE NORTH LLC) )<br>IN THE ORIGINAL AMOUNT OF )<br>$1,000,000.00 DATED JULY 19, 2005, )<br>RECORDED IN BOOK 11480, )<br>PAGE 1053, AND MODIFIED )<br>IN BOOK 12078, PAGE 1644, )<br>WAKE COUNT REGISTRY )<br>SUBSTITUTE TRUSTEE SERVICES, INC.)<br>SUBSTITUTE TRUSTEE ) | <u>ORDER</u> |

This matter is before the court on the Motion to Remand [DE-3] filed by First Mount Vernon Industrial Loan Association ("FMV"). The time for filing a response has passed, and this matter is ripe for ruling.

## I. PROCEDURAL AND FACTUAL HISTORY

On or about July 19, 2005, ProDev XI, LLC, a Virginia limited liability company ("ProDev") executed two promissory notes ("the Notes")for the benefit of FMV, a Virginia industrial loan association, in the original principal amounts of five hundred thousand dollars each, for a total obligation of one million and 00/100 dollars ($1,000,000.00). Notice of Removal [DE-1], Exhibit at p. 7 ("Commercial Loan Balloon Deed of Trust")(stating that ProDev signed and delivered two promissory notes for the amount of $1,000,000.00). The Notes were secured by five tracts of land by virtue of a deed of trust in the amount of one millions and 00/100 dollars ($1,000,000.00) dated

July 19, 2005, and recorded July 21, 2005 in Book 11480 Page 1053, and modified and re-recorded in Book 12078, Page 1644. *See id.* at pp. 7-18.

FMV appointed Substitute Trustee Services, Inc. ("STS") as the substitute trustee of the Deed of Trust by executing and recording an Appointment of Substitute Trustee on August 25, 2008, in Book 13223, Page 1442, Wake County Registry. *See id.* at pp. 47-49. Due to a default under the terms of the Notes for failure to make payments, and at the direction of FMV, STS instituted foreclosure of the Deed of Trust pursuant to N.C. Gen. Stat. § 45-21.16 by filing a Notice of Hearing Prior to Foreclosure of Deed of Trust with the Wake Count Clerk of Superior Court on September 16, 2008, in Wake County file number 08 SP 4708. Amended Mem. of Law [DE-6], Ex. A.

The Notice of Hearing was served upon Eddie Hood in his capacity as manager of ProDev, manager of the current record owner of the subject property, Braxton Village North, LLC, and as guarantor on the Note on September 29, 2008, by certified mail. Notice of Removal [DE-1], Exhibit at pp. 40-41. On October 13, 2008, the Wake County Clerk of Superior Court entered an order allowing foreclosure ("the Foreclosure Order"). *See id.* at p. 5. On October 13, 2008, STS filed, served, posted and published a Notice of Foreclosure sale setting the sale date of the subject property for Monday, November 17, 2008. On Friday, November 14, 2008, Eddie Hood, purporting to act in his capacity as manager of ProDev and Braxton Village North, LLC, filed a Notice of Removal in this court. Therein, Hood states that the jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1141(b), 1331, and 1337. Hood seeks to have the foreclosure proceeding declared null and void. On November 20, 2008, FMV filed the instant motion to remand.

2

## II. ANALYSIS

FMV contends that this action should be remanded to the Superior Court of North Carolina because the Notice of Removal is procedurally improper and because this court lacks subject matter jurisdiction. Because the filing of the Notice of Removal was procedurally improper, the Motion to Remand is ALLOWED.[1]

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The record indicates that Eddie Hood received the Notice of Hearing on September 29, 2008.[2] The Petition for Removal was filed by Hood on November 17, 2008, more than thirty days after he received the Notice of Hearing. Under the terms of § 1446(b), the filing of the Petition of Removal was untimely, and therefore

---

[1] FMV also requests that the court "shorten the time period for filing a response to the Motion to Remand or a Memorandum of Law in opposition to the Motion to Remand to no more than five (5) days." Amended Mem. of Law [DE-6] at p. 8. FMV, however, did not include such a request on the face of the Motion to Remand, in the heading of the Memorandum of Law in support of the Motion to Remand, or in the conclusion of the Memorandum of Law in Support of the Motion to Remand. Consequently, the Clerk of Court was unaware of FMV's request, until counsel for FMV called the undersigned's chambers on December 10, 2008, to inquire when the court would rule on the expedited briefing schedule request. The deadline for filing a response to FMV's Motion to Remand was December 13, 2008. Taking into account that Hood is proceeding pro se, and therefore the court must allow three days for any orders or notices to be served upon Hood, by December 10, 2008, any ruling on an expedited briefing schedule was pointless. Accordingly, FMV's request for an expedited briefing schedule is DENIED as moot.

[2] As FMV notes, N.C. Gen. Stat. § 45-21.1 *et seq.* sets out the procedure for foreclosure by power of sale under North Carolina law. Foreclosures by power of sale are "special proceedings" under North Carolina, *see Phil Mechanic Construction Company, Inc. v. Haywood*, 72 N.C. App. 318, 322, 325 S.E.2d 1, 3 (1985), which are initiated by the filing of a notice of hearing instead of a complaint and summons. N.C. Gen. Stat. § 45-21.16.

3

procedurally defective. Because the removal was procedurally improper, the court need not consider whether it has subject matter jurisdiction over this case.

FMV also seeks an award of just costs and actual expenses, including attorneys fees, incurred as a result of the removal of this action. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Any such award is at the court's discretion, however, and may be made whether or not removal was in bad faith. *In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996). The Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Therefore, absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Id.* The Supreme Court reasons that this takes into account "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140. Moreover, a court has the "discretion to consider whether unusual circumstances warrant a departure from the rule in a given case" so long as the "reasons for departing from the general rule [is] faithful to purposes of awarding fees under § 1447(c)." *Id.* at 141 (internal quotation omitted).

Here, Hood received the Notice of Hearing on September 29, 2008. The record indicates that Hood filed no objections prior to the hearing. FMV represents that Hood was present for hearing, and again raised no objections to the foreclosure. Consequently, on October 13, 2008, the Clerk of Court for the Superior Court signed and entered an order allowing the foreclosure. Under North

4

Carolina law, Hood had ten days to file an appeal of the Foreclosure Order, but chose not to do so. *See* N.C. Gen. Stat. § 45-21.16(d1). Instead, he waited almost a month to file the "Petition for Removal" on Friday, November 14, 2008– the last business day before the scheduled foreclosure sale on Monday, November 17, 2008.

The court has little trouble concluding that, even assuming there was an objectively reasonable basis for seeking removal, the facts reveal that the Petition for Removal was filed for the purposes of delaying the foreclosure sale and prolonging the foreclosure proceedings. The court concludes that this falls within the "unusual circumstances" warranting a departure from the general rule espoused in *Martin* and is faithful to the purposes of awarding fees under § 1447(c)." *Id.* Accordingly, counsel for FMV is DIRECTED to file, on or before **January 20, 2009,** a detailed affidavit in support of FMV's request for costs and actual expenses, including attorney's fees. Additionally, counsel for FMV should demonstrate why such a fee is reasonable for the time and labor expended, the customary fee for like work, and the experience and ability of the attorney(s) rendering such services.

### III. CONCLUSION

FMV's Motion to Remand [DE-3] is ALLOWED, and it is ORDERED that this case be REMANDED to the General Court of Justice, Superior Court Division, Wake County, North Carolina. FMV's request for expedited briefing is DENIED. Finally, counsel for FMV is DIRECTED to file, on or before **January 20, 2009,** a detailed affidavit in support of FMV's request for costs and actual expenses, including attorney's fees. Additionally, counsel for FMV should demonstrate why such a fee is reasonable for the time and labor expended, the customary fee for like work, and the experience and ability of the attorney(s) rendering such services.

5

SO ORDERED.

This the 15day of December, 2008.

_James C. Fox_
JAMES C. FOX
Senior United States District Judge

6